XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
WILLIAM R. PRICE
Deputy Attorney General
EDWARD P. WOLFE
Deputy Attorney General
State Bar No. 247835
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9081
 Fax:  (619) 645-2581
 E-mail:  Edward.Wolfe@doj.ca.gov
*Attorneys for Defendants Edmund G. Brown, Jr.,
Gary Schons, and Melissa Mandel*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| **COLONIES PARTNERS, L.P.,**<br><br>                                  Plaintiffs,<br><br>        v.<br><br>**COUNTY OF SAN BERNARDINO, et al.,**<br><br>                                  Defendants.<br><br>**AND CONSOLIDATED MATTERS** | 5:18-cv-00420-JGB-SHKx<br><br>**REPLY IN SUPPORT OF MOTION BY EDMUND G. BROWN, JR., GARY SCHONS, AND MELISSA MANDEL FOR ENTRY OF A FINAL JUDGMENT**<br><br>Date:           July 22, 2019<br>Time:          9:00 a.m.<br>Courtroom: Riverside Courtroom 1<br>Judge:         Hon. Jesus G. Bernal<br>Trial Date:  March 24, 2020<br>Action Filed: March 1, 2018 |

Defendants Edmund G. Brown, Jr., Gary Schons, and Melissa Mandel (collectively, AG Defendants) submit the following reply in support of their Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) (ECF No. 205).

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## INTRODUCTION

Rule 54(b) authorizes the District Court to certify a final judgment where there is "no just reason for delay." The analysis is simple. First, the Court considers whether the order to be certified is a final judgment. Plaintiffs do not dispute that the order dismissing the AG Defendants meets that requirement. (Pls.' Opp'n Defs.' Mot. Entry Final J. (Opp'n.) 4:13–14, ECF No. 209.) Next the Court considers the impact certification would have on judicial administrative interests, and it weighs that impact against any equitable interests. If that balance shows there is no just reason to delay entry of final judgment, then certification is proper.

Plaintiffs seek to muddy that analysis, and to turn the standard for Rule 54(b) certification on its head. They argue that a party moving for certification must "overcome the presumption" against certification by showing that delay in judgment would result in a "harsh and unjust result." (Opp'n 1:12–16.) There is neither a presumption against Rule 54(b) certification nor a requirement that it can only be granted to avoid injustice. Rule 54(b) certification is proper if there is "no just reason for delay," not, as Plaintiffs claim, only if justice requires certification.

Here, certification will not negatively impact judicial administrative interests because it will not lead to duplicative appeals of the same legal issues. Equitable interests support certification because the parties have a rightful interest in resolution of the claims against the AG Defendants and avoiding the burdens of duplicative trials and discovery. On balance, there is therefore no just reason for delay. The AG Defendants respectfully request entry of final judgment based on the Court's order granting their motion to dismiss with prejudice.[1]

---

[1] Plaintiffs suggest, without explanation, that the AG Defendants' motion may be procedurally improper because it is filed only in the *Colonies* case. (Opp'n 2:6, fn. 1.) The Court issued a single order, in the *Colonies* case, dismissing all claims against the AG Defendants by both Colonies and Burum. (ECF No. 86.) That is the order the AG Defendants seek to certify as a final judgment. The Court has ordered that all filings in any of the consolidated cases be filed only in the *Colonies* case, and has ordered the clerk to close the *Burum* case. (ECF No. 82.)

# ARGUMENT

## I. FINAL JUDGMENT PRESERVES JUDICIAL ADMINISTRATIVE INTERESTS

Certification of final judgment imposes no burden on judicial administrative interests because it creates no risk of duplicative appeals. Plaintiffs disagree. They argue that certification would create the potential for piecemeal appeals, solely because their claims against the AG Defendants and the remaining Defendants "are based on the 'same underlying transaction'—that is, the investigation of Colonies and the investigation and prosecution of Mr. Burum." (Opp'n 6:21–7:8.) Plaintiffs do not identify any specific legal issue that might be presented to the Court of Appeal twice as a result of certification of the AG Defendants' final judgment. Overlapping facts do not by themselves foreclose certification of final judgment. The questions are whether the claims are severable and whether successive appeals would present the same legal issues to the court of appeals.

The Ninth Circuit has rejected the notion "that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b)." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881–82 (9th Cir. 2005) (collecting cases upholding certification of claims "despite the presence of facts that overlap remaining claims.") Plaintiffs ignore this authority and instead argue, citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981), that "[a] 'similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)].'" (Opp'n 5:8–9.)

Twenty-eight years ago, the Ninth Circuit called the *Morrison-Knudsen* approach "outdated and overly restrictive." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). The modern approach is to treat overlapping facts as weighing against certification only in certain circumstances, such as where the case is routine, non-complex, the factual issues overlap "entirely—not just substantially," and the dismissed claims assert the same legal right as the remaining claims. See *Wood, supra*, 422 F.3d at 882 (holding that partial summary judgment in favor of

defendants in an age discrimination and retaliation case was improper where the remaining claims were based on the same facts and asserted the same legal right).

The alleged conduct by the AG Defendants is different than the alleged conduct by the other Defendants. Plaintiffs allege the other Defendants initiated an investigation years before they allege the AG Defendants became involved. That timing was central to the Court's order granting the AG Defendants' motion to dismiss. (ECF No. 86.) The operative *Colonies* and *Burum* complaints allege distinct conduct by the remaining Defendants in the key time frame before the initiation of grand jury proceedings (at which time prosecutorial immunity arose), whereas the allegations of the AG Defendants' conduct during that time is vague and conclusory. (See, e.g., *Colonies* First Am. Compl. ¶¶ 45–91, ECF 64.) Further, as Plaintiffs themselves point out in their opposition, they alleged unique motives by the AG Defendants. (Opp'n 4:5–20.) If any of the remaining Defendants do raise prosecutorial immunity as a defense in this case, it will be based on different conduct, and therefore there will be no overlapping issues on appeal.

Aside from the factual differences between Plaintiffs' claims against the AG Defendants and the remaining Defendants, the unique procedural position of the AG Defendants means that any successive appeal involving the other Defendants will not raise the same legal issues as an appeal of the order dismissing the AG Defendants. Only an appeal as to the AG Defendants can address the application of prosecutorial immunity at the pleading stage. Plaintiffs do not explain their dismissal of this important distinction. (Opp'n 7:6–7.) The difference in procedural position raises different issues on appeal.

Not only would certification have no negative impact on judicial administrative interests, it would promote them by potentially avoiding duplicative trials. (Mot. 7:12–25.) Plaintiffs dismiss the negative impact of multiple trials, and then assert, without explanation or authority, that the only judicial administrative interests that matter are those of the court of appeal; for Plaintiffs, burdens on the

4

District Court are unimportant. (Opp'n 8:4–26.) Successive lengthy trials involving significant duplication of witness testimony creates an obvious burden for the District Court, and that burden is an appropriate concern for purposes of certification. The parties' initial estimates of trial length ranged from 15 to 25 court days. (ECF No. 47 16:19–24.) Multiple multi-week trials in which the same witnesses are likely to be called to testify on the same subject matter imposes an obvious and unnecessary burden on the court. Holding a single trial to resolve all of Plaintiffs' claims against all Defendants promotes judicial efficiency and economy.

The cases Plaintiffs cite are distinguishable and do not support their opposition. *Campos v. County of Riverside*, No. EDCV 14-1340 JGB (KKx), 2016 WL 9173451 (C.D. Cal. July 14, 2016), *Anderson v. City of Rialto*, Cae No. EDCV 16-01915 JGB (SPx), *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 630 (9th Cir. 2015), and *Abbit v. ING USA Annuity*, Case No. 3:13-cv-02130-GPC-WVG, 2017 WL 449149 all follow a similar pattern that is distinguishable from this case. All of these cases are procedurally distinct, because every one considered Rule 54(b) certification of an order granting partial summary judgment, not an order granting a motion to dismiss. The analysis in those cases therefore occurred at a different procedural posture, which impacts the balance of interests. After the Court has ruled on a summary judgment motion, final resolution of the remaining claims is more immediate. In *Anderson*, the motion for entry of final judgment was filed *one week* before trial on the remaining claims. 2018 WL 6133711, at *2. In *Campos*, trial was set for two months after the motion for certification. 2016 WL 9173451, at *3. In *Abbit*, when court ruled on the Rule 54(b) motion, a second motion for summary judgment was then pending that would potentially resolve all outstanding claims. 2017 WL 449149, at *4.

Plaintiffs' argument against certification is based entirely on their assertion that their claims against the AG Defendants have some overlapping facts with their

claims against other Defendants. That overlap does not affect judicial administrative interests. The order dismissing the AG Defendants was based on legal issues that are unique to them and would not arise in subsequent appeals. Plaintiffs failed to identify any specific issue that would be implicated in successive appeals. There is no judicial administrative reason to delay final judgment.

## II.  EQUITIES FAVOR CERTIFICATION

Plaintiffs do not identify any way in which equitable concerns weigh against certification of final judgment. They argue only that the AG Defendants did not do enough to show that delayed judgment would be "harsh" or "unjust." (Opp'n 9:4–5.) Plaintiffs do not argue that certification would be inequitable or in any way prejudicial to them, to any other parties, or to the court.

As noted in the opening brief, the Ninth Circuit has approved Rule 54(b) certification to avoid multiple trials and the potential for inconsistent verdicts. *U.S. Fidelity & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011). Plaintiffs ignore this authority and argue that multiple trials and inconsistent verdicts are neither harsh nor unjust. (Opp'n 8:4–19.) They ignore the obvious burden to the Court of conducting multiple lengthy trials involving the same witnesses. They also ignore the burden on the parties and third-parties of multiple duplicative rounds of discovery. Plaintiffs will seek to depose each of the AG Defendants as third-party witnesses in the ongoing case against the remaining Defendants, and will then seek to depose them again if the judgment in their favor is reversed. Likewise, the remaining Defendants and third party witnesses stand to be deposed twice. Rule 54(b) provides a means to resolve that potential burden.

The AG Defendants have a strong interest in final resolution of the claims against them. Plaintiffs dismiss this interest as insufficient to support Rule 54(b) certification. (Opp'n 7:26–8:3.) The single case they cite is distinguishable. In *Jewel*, judicial administrative interests weighed against certification because the

1 District Court did not explain its finding that there was no just reason for delay, and
2 the certified claims were inextricably intertwined with the remaining claims, both
3 legally and factually. 810 F.3d at 628–30. The Ninth Circuit held that the
4 plaintiffs' interest in final resolution did not outweigh the negative impact
5 certification would have on judicial interests, and that certification would not hasten
6 resolution of the case because claims remained against the party seeking
7 certification. *Id.* at 630. The court did not hold or suggest that the interest in
8 resolution of a case is *never* enough to support Rule 54(b) certification. In this case,
9 unlike in *Jewel*, certification would not negatively impact judicial interests and
10 there are no remaining claims involving the AG Defendants.

11     Plaintiffs cite no authority supporting their contention that the AG Defendants
12 must show a "harsh" or "unjust" result from delay in entry of final judgment. The
13 single case they cite does not support any such rule. In *Campos*, the court notes that
14 the party opposing certification argued that the moving party did not show "it will
15 suffer any harsh or unjust result if judgment is delayed…." 2016 WL 9173451 at
16 \*3. The court did not rule that any such standard was required. With no equitable
17 harm to the parties resulting from delaying judgment by two months, there was
18 nothing to balance against that negative impact the Court found certification would
19 have on judicial administrative interests. That analysis is not applicable to the
20 present case, where on balance, judicial administrative interests favor certification,
21 and the delay before final resolution of the remaining claims is more distant.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

There is no reason to delay final judgment for the AG Defendants. They therefore respectfully request that the Court certify final judgment under Rule 54(b).

Dated: July 8, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
WILLIAM R. PRICE
Deputy Attorney General

/s/ Edward P. Wolfe

EDWARD P. WOLFE
Deputy Attorney General
*Attorneys for Defendants Edmund G. Brown, Jr., Gary Schons, and Melissa Mandel*

SD2018800644
71887103.docx

## CERTIFICATE OF SERVICE

Case Name:  **Colonies Partners v. County**       Case No.  **5:18-cv-00420-JGB-SHKx**

I hereby certify that on **July 8, 2019**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### REPLY IN SUPPORT OF MOTION BY EDMUND G. BROWN, JR., GARY SCHONS, AND MELISSA MANDEL FOR ENTRY OF A FINAL JUDGMENT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 8, 2019**, at San Diego, California.

| A. Lopez | *[signature]* |
|---|---|
| Declarant | Signature |

SD2018800644
71889714.docx